RAB:DDB
F.#2010R01100

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ALEKSANDR AFANASYEV,
EDUARD BODRUNOV,
GRIGORY BRANFENBRENER,
GENNADIY BRONSHTEYN,
LYUBOV GROYSMAN,
VLADIMIR KHMELNITSKI,
ILIYA MUGERMAN,
BELA RUD,
VIKTOR SEMERIK,
ARKADI SHAPIRO,
VADIM VINOKOUR and
DENIS ZAGLADKO,

        Defendants.

- - - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§
982, 982(a)(7), 1349,
1956(h), 1956(a)(1)(A)(i),
1956(a)(1)(B)(i) and
3551 et. seq.)

THE GRAND JURY CHARGES:

## INTRODUCTION

       At all times relevant to this Indictment, unless otherwise indicated:

### The Scheme To Defraud Insurance Companies

       1.  From in or about and between January 2004 and June 2010, the defendants ALEKSANDR AFANASYEV, EDUARD BODRUNOV, GRIGORY BRANFENBRENER, GENNADIY BRONSHTEYN, LYUBOV GROYSMAN, VLADIMIR KHMELNITSKI, ILIYA MUGERMAN, BELA RUD, VIKTOR SEMERIK, ARKADI SHAPIRO, VADIM VINOKOUR and DENIS ZAGLADKO, together with others,

engaged in a scheme to defraud insurance companies by establishing and operating several companies that purported to be retailers of medical supplies (the "Retail Companies") that provided durable medical equipment ("DME") to individuals who were eligible for no-fault insurance benefits.

2. As a part of the scheme to defraud insurance companies, ALEKSANDR AFANASYEV, EDUARD BODRUNOV, GRIGORY BRANFENBRENER, GENNADIY BRONSHTEYN, LYUBOV GROYSMAN, VLADIMIR KHMELNITSKI, ILIYA MUGERMAN, BELA RUD, VIKTOR SEMERIK, ARKADI SHAPIRO, VADIM VINOKOUR and DENIS ZAGLADKO, and their co-conspirators caused the Retail Companies to submit fraudulent claims for reimbursable medical expenses to insurance companies. Such claims sought reimbursement for DME at prices well in excess of those paid by the Retail Companies, as well as for DME that was never provided to the Retail Companies. These claims were supported by fraudulent invoices for DME created by other participants in the scheme in the names of wholesale companies (the "Wholesale Companies") established and controlled for this purpose.

New York State No-Fault Insurance Law

3. Under the New York State no-fault insurance law, an insurance company that insured a vehicle involved in an accident was required to provide reimbursement of up to $50,000 per vehicle occupant for the occupant's "basic economic loss." Basic economic loss included a number of different types of medical treatments and services, on condition that these treatments and services were

necessary and actually provided.  Reimbursement payments were made without regard to the fault of either driver, and were commonly referred to as "no-fault" coverage.

4.  Under New York State law, vehicle occupants could assign their right to reimbursement from an insurance company to others, including, but not limited to, medical facilities and DME supply companies that performed treatment and/or provided DME for their injuries.  If such an assignment were made, the medical facility or DME supply company, or its agent, would bill the insurance company directly for services rendered and receive payment directly from the insurance company.

5.  New York State law also allowed vehicle occupants to file personal injury claims and lawsuits, in order to obtain damages over $50,000, if the occupant sustained "serious bodily injury," as defined by statute, as a result of the accident.

6.  No fault insurance plans provided by private insurance companies under New York State law are health care benefit programs within the meaning of Title 18, United States Code, Sections 1035 and 1347.

The Money Laundering Scheme

7.  As a part of their scheme, ALEKSANDR AFANASYEV, EDUARD BODRUNOV, GRIGORY BRANFENBRENER, GENNADIY BRONSHTEYN, LYUBOV GROYSMAN, VLADIMIR KHMELNITSKI, ILIYA MUGERMAN, BELA RUD, VIKTOR SEMERIK, ARKADI SHAPIRO, VADIM VINOKOUR and DENIS ZAGLADKO, and

their co-conspirators established corporate bank accounts under the names of the Retail and Wholesale Companies. The Retail Companies then drafted checks to the Wholesale Companies accounts based on the fraudulent Wholesale Company DME invoices issued to them. Upon receipt of the checks from the Retail Companies, the scheme participants who controlled the Wholesale Companies converted them into cash at various check cashing establishments. After paying a fee charged by the check cashing establishments, and retaining a portion of the cash for themselves, which included the actual cost to the Wholesale Companies for any DME delivered as well as a fee for cashing the checks, the participants who controlled the Wholesale Companies delivered the remaining portion of cash derived from the checks back to the Retail Companies.

<u>COUNT ONE</u>
(Health Care Fraud Conspiracy)

8.   The allegations contained in paragraphs 1 through 7 are realleged and incorporated as if fully set forth in this paragraph.

9.   In or about and between January 2004 and June 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ALEKSANDR AFANASYEV, EDUARD BODRUNOV, GRIGORY BRANFENBRENER, GENNADIY BRONSHTEYN, LYUBOV GROYSMAN, VLADIMIR KHMELNITSKI, ILIYA MUGERMAN, BELA RUD, VIKTOR SEMERIK, ARKADI SHAPIRO, VADIM VINOKOUR and DENIS ZAGLADKO, together with others, did knowingly and intentionally

conspire to execute a scheme and artifice to defraud health care benefit programs, to wit: no-fault insurance plans provided by private insurance companies, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by and under the custody and control of said health care benefit programs in connection with the delivery of and payment for health care benefits, items and services, in violation of Title 18, United States Code, Section 1347.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

<div align="center">

COUNT TWO
(Money Laundering Conspiracy)

</div>

10.   The allegations contained in paragraphs 1 through 7 are realleged and incorporated as if fully set forth in this paragraph.

11.   In or about and between January 2004 and June 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ALEKSANDR AFANASYEV, EDUARD BODRUNOV, GRIGORY BRANFENBRENER, GENNADIY BRONSHTEYN, LYUBOV GROYSMAN, VLADIMIR KHMELNITSKI, ILIYA MUGERMAN, BELA RUD, VIKTOR SEMERIK, ARKADI SHAPIRO, VADIM VINOKOUR and DENIS ZAGLADKO, together with others, did knowingly and intentionally conspire to conduct financial transactions, in and affecting interstate commerce, to wit: the transfer and delivery of United States currency, which transactions in fact involved the proceeds of specified unlawful activity, to wit: conspiracy to commit health


care fraud, in violation of Title 18, United States Code, Section 1349, knowing that the property involved in the transactions represented the proceeds of unlawful activity, (a) with the intent to promote the carrying on of the specified unlawful activity, and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of such proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h), 1956(a)(1)(A)(i), 1956((a)(1)(B)(i) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

12.   The United States hereby gives notice to the defendants ALEKSANDR AFANASYEV, EDUARD BODRUNOV, GRIGORY BRANFENBRENER, GENNADIY BRONSHTEYN, LYUBOV GROYSMAN, VLADIMIR KHMELNITSKI, ILIYA MUGERMAN, BELA RUD, VIKTOR SEMERIK, ARKADI SHAPIRO, VADIM VINOKOUR and DENIS ZAGLADKO, that upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 982(a)(7), which requires any person convicted of such offense to forfeit property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

13.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 18, United States Code, Section 982, to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(7))

CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

14.   The United States hereby gives notice to the defendants ALEKSANDR AFANASYEV, EDUARD BODRUNOV, GRIGORY BRANFENBRENER, GENNADIY BRONSHTEYN, LYUBOV GROYSMAN, VLADIMIR KHMELNITSKI, ILIYA MUGERMAN, BELA RUD, VIKTOR SEMERIK, ARKADI SHAPIRO, VADIM VINOKOUR and DENIS ZAGLADKO, that upon their conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 982 of all property involved in each offense of conviction in violation of Title 18, United States Code, Section 1956, or

conspiracy to commit such offenses, and all property traceable to such property.

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 18, United States Code, Section 982, to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982)

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

## NEW YORK FEDERAL COURT

### INFORMATION SHEET

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

1.   Title of Case:   United States v  **ALEKSANDR AFANASYEV,  EDUARD BODRUNOV, GRIGORY BRANFENBRENER, GENNADIY BRONSHTEYN, LYUBOV GROYSMAN, VLADIMIR KHMELNITSKI, ILIYA MUGERMAN, BELA RUD,   VIKTOR SEMERIK, ARKADI SHAPIRO, VADIM VINOKOUR and DENIS ZAGLADKO**

2.   Related Magistrate Docket Number(s)_____

3.   Arrest Dates:   _____

4.   Nature of offense(s):   _X_   Felony
                              __   Misdemeanor

5.   Related Cases-Title and Docket No(s).  (Pursuant to Rule 50.3 of the Local E.D.N.Y. Business Rules):_____

6.   **Projected Length of Trial:  Less than 6 weeks (x )**
                                   **More than 6 weeks ( )**

7.   County in which cause of action arose__ Kings County _____
     (Pursuant to Rule 50.1(d) of the Local EDNY Division of Business Rules)

8.   Has this indictment/information been ordered sealed? (x)YES ( ) NO

9.   Have arrest warrants been ordered?      (X) Yes   ( ) No

LORETTA E. LYNCH
UNITED STATES ATTORNEY

By: _____
Daniel D. Brownell
Assistant U.S. Attorney
(718) 254-6392